NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 16 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARIA SANTOS BONILLA-
GOMEZ; D.A.L.B.; D.D.L.B.,

Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 23-2341

Agency Nos.
A218-146-861
A218-146-862
A220-463-443

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 14, 2025[**]
San Francisco, California

Before: H.A. THOMAS, MENDOZA, and JOHNSTONE, Circuit Judges.

Maria Santos Bonilla-Gomez and her two minor daughters are citizens of

Honduras. They petition for review of a decision of the Board of Immigration

Appeals ("BIA") upholding the order of an Immigration Judge ("IJ") denying

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Bonilla-Gomez's applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252. "We review for substantial evidence factual findings underlying the BIA's determination that a petitioner is not eligible for asylum, withholding of removal, or CAT relief." *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022). "To prevail under the substantial evidence standard, the petitioner must show that the evidence not only supports, but compels the conclusion that these findings and decisions are erroneous." *Id.* (internal quotation marks omitted). We deny the petition.

1. Substantial evidence supports the BIA's denial of asylum and withholding of removal because Bonilla-Gomez failed to demonstrate that the Honduran government would be unable or unwilling to protect her from gang violence. The record contains evidence that the Honduran government has responded to gang violence and domestic violence. Bonilla-Gomez also testified that the police conducted raids to arrest gang members in her neighborhood, and that at least one gang member from whom she fears persecution had been previously imprisoned for attempting to assassinate a teacher. And Bonilla-Gomez offers no specific

---

[1] Bonilla-Gomez's two minor daughters were derivative beneficiaries of her asylum application. They did not, however, file separate applications for withholding of removal and CAT protection. *See Ali v. Ashcroft*, 394 F.3d 780, 782 n.1 (9th Cir. 2005) (stating that, unlike asylum, derivative relief is not available with respect to withholding of removal or CAT protection).

evidence demonstrating that reporting to the police the threats from a gang-involved family member would have been futile or would have subjected Bonilla-Gomez to further abuse. *See Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1058 (9th Cir. 2006). As such, the record does not compel a different conclusion from the one that the BIA reached. *See Hussain v. Rosen*, 985 F.3d 634, 642 (9th Cir. 2021) ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." (quoting *Go v. Holder*, 640 F.3d 1047, 1054 (9th Cir. 2011))).

2. Substantial evidence supports the BIA's denial of CAT protection because Bonilla-Gomez did not establish a clear probability of torture by or with the consent or acquiescence of a public official. On appeal to this court, Bonilla-Gomez only argues that the BIA erred with respect to her CAT claim for the same reasons it erred with respect to her asylum and withholding of removal claims. As discussed above, the record contains evidence showing that the Honduran government has responded to gang violence and domestic violence. Accordingly, the record does not compel a different conclusion from the one that the BIA reached.

**PETITION DENIED.**